930 F.2d 32
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
The CHURCH INSURANCE COMPANY, Plaintiff-Appellee,
v.
Virginia Ann SHAW, Defendant-Appellant,
and
Glenn Dale Shaw and Donald Moses, Defendants.
 No. 90-5035.
 United States Court of Appeals, Tenth Circuit.
 March 19, 1991.
 
 Before TACHA, and BALDOCK, Circuit Judges, and KANE, District Judge**.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellee Church Insurance Co. sought a declaratory judgment in the district court to determine whether its liability insurance policy issued to the Episcopal Church Foundation of the Diocese of Oklahoma and St. Paul's Episcopal Church of Claremore, Oklahoma extended coverage to Donald Moses, pastor of St. Paul's, for certain claims brought against Moses by defendant-appellant Virginia Shaw. Shaw sought damages for Moses' alleged negligence and breach of a fiduciary relationship in entering into a sexual relationship with Shaw. The district court granted Church's motion for summary judgment on the issue of whether Church was obligated to indemnify Moses, but held Church had a duty to defend Moses. Appellant Shaw appeals the district court's order denying indemnification. We affirm.
 
 
 3
 We review the district court's holding de novo. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988); see also Rockwood & Co. Adams, 486 F.2d 110, 112 (10th Cir.1973) (construction of policy language reviewed de novo). Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 4
 The undisputed facts show the policy does not cover the claims asserted by Shaw against Moses. The policy covers claims arising from an "occurrence." The occurrence underlying the claim against Moses was an affair between Moses and Shaw. We agree with the district court that the clause in the policy defining "occurrence" clearly excludes such an event. Central to this definition is that the occurrence is an "accident ... neither expected nor intended from the standpoint of the insured." There is no dispute that the affair between Shaw and Moses was not an accident or was in any other wise an "occurrence." Therefore the acts complained of do not fit the terms and conditions of the policy's coverage.
 
 
 5
 Because appellees are entitled to judgment as a matter of law, we AFFIRM.
 
 
 
 *
 The Honorable John L. Kane, Jr., District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3